In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Allen E. SCHATZ, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Allen E. SCHATZ, Respondent.

Supreme Court

*No. 04–0654–D. Decided February 10, 2005.*

2005 WI 10

(Also reported in 693 N.W.2d 299.)

The Court entered the following order on this date:

Attorney Allen E. Schatz has filed a petition for consensual license revocation under SCR 22.19(4). The Office of Lawyer Regulation (OLR) has filed a response, and the referee, Dennis Flynn, has filed a report and

recommendation, both of which submit that consensual revocation is appropriate. The parties and referee also submit revocation should be retroactive to August 13, 2003 when this court suspended his license pursuant to SCR 22.21 on a finding that his continued practice of law constituted a threat to the interest of the public and the administration of justice.

Attorney Schatz was licensed to practice law in Wisconsin in 1984 and had no disciplinary history prior to the August 13, 2003 suspension. The pending complaint against him alleges 32 counts of misconduct. He is also the subject of four additional pending OLR grievance investigations. His petition states that he cannot successfully defend against either the allegations in the complaint or the matters being investigated, he is freely filing this petition, he gives up his right to a public hearing and to contest to the allegations of misconduct, and he agrees to a revocation. The 11 matters from which the counts arise consist of the following.

Cheryl K.—Counts 1–4 involve personal injury and real estate matters with trust account violations under SCR 20:1.15(a) and the failure to protect the client's interest upon termination of the representation under SCR 20:1.16(d). Attorney Schatz was to have placed a $5,000 payment from the client into his trust account but converted it instead. The $5,000 has been repaid. However, he also failed to return unearned fees in the amount of $1,000 as well as a file to the client.

Kim M.—Counts 5–7 arise out of a property damage matter and concern a failure to promptly deliver client funds to the client in violation of SCR 20:1.15(b), failure to hold client property/funds in the trust account in violation of SCR 20:1.15(a), and forgery and dishonesty in violation of SCR 20:8.4(c). Attorney Schatz failed to

19

deliver settlement proceeds to the client and forged her name on the settlement check. She has since been repaid.

Jason M.—Count 8 concerns a failure to provide competent representation in a criminal matter in violation of SCR 20:1.1. Attorney Schatz failed to file a motion for postconviction relief and a no-merit report in the court of appeals.

Antoine H.—Counts 9–11 arise out of postconviction representation of a client and involve a failure to act with reasonable diligence and promptness in representing the individual in violation of SCR 20:1.3, failing to keep the client reasonably informed about the status of the matter and to promptly comply with reasonable requests for information in violation of SCR 20:1.4(a), and failing to withdraw upon that representation upon discharge by the client in violation of SCR 20:1.16(a)3. Attorney Schatz failed to process an appeal for the client.

Julie B.—Counts 12–15 relate to a bankruptcy matter and involve a failure to file the petition in violation of SCR 20:1.3, failing to keep the client reasonably informed as to the status of the case in violation of SCR 20:1.4(a), failing to hold property/funds of the client in trust and separate from the attorney's own property in violation of SCR 20:1.15(a), and failing to surrender papers to the client upon termination of the client as well as $500 in fees that were not earned in violation of SCR 20:1.16(d).

Roger and Connie H.—Counts 16–20 relate to a bankruptcy matter and involve a failure to act with reasonable diligence and promptness in violation of SCR 20:1.3, failing to keep the clients reasonably informed about the case status in violation of SCR 20:1.14(a), failing to hold property of the clients in trust

and separate from the attorney's own property in violation of SCR 20:1.15(a), failing to take steps to protect the clients' interest when the representation ended including failing to refund unearned fees of $700 in violation of SCR 20:1.16(d), and also a misrepresentation to the OLR during the investigation in violation of SCR 22.03(6) and SCR 20:8.4(f).

Pamela H.—Counts 21–24 involve a bankruptcy matter where Attorney Schatz failed to act with reasonable diligence and promptness in the case in violation of SCR 20:1.3, failed to keep his client reasonably informed about the status of the matter or to comply with reasonable requests for information in violation of SCR 20:1.4(a), failed to keep the client's property in trust and separate from his own property, in violation of SCR 20:1.15(a) and when the representation ended failed to take reasonable steps to protect his clients interests including the refund of $600 of unearned fees in violation of SCR 20:1.16(d).

Victoria S.—Counts 25 and 26 involve a bankruptcy matter where there was a failure to act with reasonable diligence and promptness in representation in violation of SCR 20:1.3 and when the representation ended a failure to take reasonable steps to protect the client's interest including the refund of $700 of unearned fees in violation of SCR 20:1.16(d).

Kim R.—Counts 27 and 28 relate to an operating while intoxicated charge where Attorney Schatz failed to act with reasonable diligence and promptness in his representation in violation of SCR 20:1.3 and failed upon termination of the representation to reasonably protect his client's interest including the refund of $750 of unearned fees in violation of SCR 20:1.16(d).

Valerie L.—Counts 29 and 30 involve a bankruptcy matter and failure to hold the client's property in trust

and separate from the attorney's own property in violation of SCR 20:1.15(a). Further, when the representation ended Attorney Schatz failed to take reasonable steps to protect his client including the return of $600 of unearned fees in violation of SCR 20:1.16(a).

Dora L.—Counts 31 and 32 involve a divorce matter where Attorney Schatz failed to take reasonable steps to protect his client's interest including the return of $300 of unearned fees when the representation ended in violation of SCR 20:1.16(d). In addition, he failed to notify his client by certified mail of the fact he was suspended and unable to continue to act as her attorney in violation of SCR 22.26(1)(a) and SCR 20:8.4(f).

The four pending grievances involve: (1) Failure to take necessary steps to allow an appeal to occur in a first degree intentional homicide conviction; (2) failure to appear at scheduled court hearings for a client who was charged with possession of marijuana; (3) failure to do anything in a sentence modification matter after receiving a $500 retainer; and, (4) failure to do anything on a family court case after payment of a $750 retainer.

We determine that the petition for consensual license revocation should be granted with the date of revocation retroactive to August 13, 2003. Further, we determine that Attorney Schatz shall pay the cost of this matter and shall repay his former clients (all those mentioned above except for Kim M., Jason M. and Antoine H.) the amounts indicated with statutory interest from the date of revocation.

IT IS ORDERED that the license of Attorney Allen E. Schatz to practice law in the State of Wisconsin be revoked effective August 13, 2003.

IT IS FURTHER ORDERED that Allen E. Schatz shall comply with the provisions of SCR 22.26 concern-

ing the duties of an attorney whose license to practice law has been revoked, to the extent he has not already done so.

IT IS FURTHER ORDERED that within 60 days of the date of this order Allen E. Schatz shall repay to his former clients the unpaid amounts indicated in this order with interest at 5% from August 13, 2003.

IT IS FURTHER ORDERED that within 60 days of the date of this order Allen E. Schatz shall pay $1,996.90 to the Office of Lawyer Regulation representing the costs of this proceeding.